# United States District Court
# Central District of California

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

TYE MCNABB et al.,

        Defendants.

Case № 2:19-cr-00275-ODW-12

**ORDER DENYING MOTION TO RE-CALCULATE HIS CRIMINAL HISTORY SCORE.**

## I.      INTRODUCTION

McNabb, and others  joined a conspiracy which envisioned the following: McNabb's co-conspirators arranged to purchase bulk quantities of cocaine from the United States for importation to Canada and other locations for re-sale, in exchange for bulk quantities of MDMA or for currency. McNabb's co-conspirators arranged for the transportation of MDMA from Canada into the United States for re-sale. McNabb and others arranged for the transportation of cocaine from the United States to Canada and other locations for re-sale. McNabb co-conspirators delivered MDMA from Canada to co-conspirators in the United States for re-sale, while other co-

conspirators picked up cocaine from coconspirators in the United States for eventual transportation to Canada for re-sale.  McNabb was found in possession of 90.2 kg of cocaine.  He was also in possession of a firearm.  His final adjusted offense level after credit for acceptance of responsibility was calculated at 33.  With a criminal history category I his guidelines range was 135 – 168 months with a mandatory minimum sentence of 120 months.

Following his third proffer session with the government he then qualified for safety valve relief which lowered his offense level to 29 which negated the mandatory minimum of 120 months and yielded a new range of 87 to 108 months. (See Government's Supplemental sentencing recommendation, DE-430 at p.3.)  Beginning with his base offense level of 34, less a two level reduction for safety valve and a further reduction of 3 levels for his acceptance of responsibility, yields a final adjusted offense level of 29.  This then yields a new guidelines range of 87 to 108 months.  The government changed its sentencing recommendation to 87 months, the low end of the new guidelines range.  He was ultimately sentenced to 67 months.  He now seeks a further reduction for being a zero-point offender. He contends he was erroneously charged with two criminal history points.  He was not.  And for that reason he is not entitled to the relief he seeks.

## II.     DISCUSSION

### A. ZERO-POINT OFFENDER REDUCTION: PURSUANT TO USSG 4C1.1

If the defendant meets all of the following criteria, the offense level is determined under Chapters Two and Three by two levels: The specific factors under USSG §4C1.1 include: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under USSG §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or

serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by USSG §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under USSG §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or USSG §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under USSG §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise as defined in 21 U.S.C. § 848. In this case, McNabb has no criminal history points from Chapter Four, Part A.

However, McNabb does not meet all of the criteria in USSG §§4C1.1(a)(2) through (10) as he possessed a firearm in close proximity to the drugs, thus considered connected with the offense.  Therefore, he does not qualify for the two-level reduction for zero-point offender pursuant to USSG §4C1.1. As such, a two-level decrease has not been applied.

McNabb has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a). -2 Acceptance of Responsibility: The defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. USSG §3E1.1(b).  As noted above, his possession of a firearm in connection with the offense nullified his entitlement to a 4C1.1 Zero-Point Offender Reduction.  Therefore, a further two level decrease per USSG §4C1.1 has not been applied.

### III.   CONCLUSION

McNabb has suffered three convictions as an adult, none merited criminal history points.  Zero criminal history points equates to Criminal History category I. He already has what he seeks through this motion.  No further reduction in his criminal history is warranted.

DATE:  March 30, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

4